DECISION
The plaintiff, Domingo Goncalves, hereinafter sometimes "Goncalves," brought suit under the Rhode Island Uniform Declaratory Judgment Act, alleging that, defendant, NMU Pension Trust, hereinafter sometimes "Trust," improperly denied him benefits under the pension plan funded by his employer. Trust moves for summary judgment arguing that Trust's denial of benefits must be upheld because the pension plan gave the trustees of the Trust the authority to interpret the plan and the trustees did not abuse that discretion by interpreting the plan in an arbitrary or capricious manner. Goncalves' action arises under29 U.S.C. § 1132(a)(1)(B) to recover benefits due to him under the plan. Because plaintiff's actions falls within this section, the Superior Court has concurrent jurisdiction with the federal court to hear this matter. 29 U.S.C. § 1132(e)(1).
 Facts/Travel
Goncalves was fifty-six when he was injured in a shipboard accident that occurred in August 1989. He collected Temporary Disability Benefits from the State of California for one year, and in August 1990, he retired at age 57. The plaintiff was covered by a defined benefit pension plan as a member of the National Maritime Union. The plaintiff's employer was obligated by the collective bargaining agreement to make contributions to the plan. Upon retirement, Goncalves began receiving a benefit of 400 dollars per month. During the eight year period that he received this benefit, he believed that the benefit computations were inaccurate and that he was entitled to a greater benefit. The plaintiff sought clarification as to the accuracy of the benefit he was being paid from the Trust. The plaintiff was granted a formal administrative hearing before the trustees in November of 2000. The plaintiff's request for recalculation was denied by the Trust.
Based on the terms of the pension plan, when the plaintiff retired from service, he was eligible to receive a regular pension if he: 1) attained age 55; 2) had at least 15 pension credits; and 3) retired. Goncalves was 56 and attained the minimum pension credits. The amount of Regular Pension benefits for his job category was 15 dollars per month for up to a maximum of 25 pension credits. According to the plan, participants receive an additional 25 dollars per month, up to a maximum of 125 dollars, for pension credits in excess of 25 earned by a participant after age 55. Moreover, the plan also provides for an additional 30 dollars per month, up to a maximum of 150 dollars, for pension credits in excess of 30 credits earned after age 60.
The Trust awarded Goncalves the following benefit. The plaintiff received 375 dollars per month, fifteen dollars multiplied by the maximum 25 pension credits for credits earned before age 55. He received an additional 25 dollars for the one pension credit he earned after age 55. The Trust awarded the plaintiff a total of 400 dollars per month.
Goncalves, of course, does not dispute that he is entitled to this portion of the pension benefit but argues that he is entitled to even a greater benefit. The plaintiff contends that the Trust has given him only the benefit he would have received if he were not disabled and therefore has failed to properly apply the plan. The plaintiff argues that under Section 5.80 of the plan, the plaintiff is deemed to have achieved the normal retirement age of 65. (Exh. A, Sec. 5.80). Section 5.80 of the plan provides: "If the disabled pensioner has more than 20 pension credits at the time the disability commences, the amount of the disability pension benefits shall be the amount of the Regular Pension that would have been payable had the disability pensioner been at least 55 years of age and computed in accordance with Section 3.20." Id. In addition, the plaintiff asserts that under Section 1.32 he is entitled to another year of service. He argues that "vested employment" should include temporary disability benefits as those benefits constitute a welfare fund to which the employer contributed.
 Standard of Review
"[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996). Accordingly, if after reviewing the admissible evidence in the light most favorable to the nonmoving party, this Court concludes that no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law. See Woodland Manor III Associates v. Keeney, 713 A.2d 806
(R.I. 1998).
 Analysis
In interpreting a pension plan, courts give deference to a trustee's interpretation of a pension plan if the plan provides the trustee with discretionary authority. Firestone Tire Rubber Co. v. Bruch, 489 U.S. 101
(1989). According to the United States Supreme Court decision in Firestone Tire, if the pension plan gives the trustee discretionary authority, then the court will overturn the trustee's decision only if it is arbitrary and capricious. Id. at 115. Following the tradition of trust law, courts will not substitute their judgment for reasonable trustee interpretations of trust rules pursuant to powers that the trust instrument grants to the trustee. Diaz v. Seafarers International Union,13 F.3d 454, 457 (1st. Cir. 1994).
Here, the Trust instrument includes the Firestone language granting the trustee sole discretion in applying and interpreting the plan. (Exh. A, Sec. 18.30.) Therefore, the sole issue for this Court to decide on summary judgment is whether as a matter of law the plaintiff is precluded from prevailing because the trustee's decision was reasonable.
Given the deference afforded to a trustee's interpretation of a pension plan granting discretionary authority to its trustee, this Court finds that the trustee's calculation of plaintiff's benefit was reasonable and consistent with the language of the plan document. Goncalves contends that Section 5.80 serves as a "bonus provision" that treats a plaintiff who retires with a disability as if retirement occurred at age 65. However, this interpretation is not mandated by the plain language of the plan. Section 5.80 provides that if a pensioner has 15 pension credits and is disabled before age 55, then the pensioner is treated as if the pensioner reached age 55. Given the language of the plan, the trustee's determination of the plaintiff's pension benefit is clearly reasonable and cannot be disturbed by this Court.
Additionally, the plaintiff asserts that he is entitled to another service credit for the time between August 1989 and August 1990 that he was on temporary disability insurance. However, according to Section 1.32, "for all purposes, there shall be excluded from vested employment any days of non-sailing or non-work time in excess of 63 days. Since the period that the plaintiff seeks credit for is greater than 63 days, it is excluded from the definition of vested employment by the plan. Therefore, the plaintiff is not entitled to an additional service credit.
 Preemption
The defendant argues that the plaintiff's claim for declaratory relief is preempted by 29 U.S.C. § 514(a) of ERISA. Section 514(a) preempts any state law cause of action that relates to an employee benefit plan under ERISA. New York State Conference of Blue Cross Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995). Here, the plaintiff is not attempting to recover under state law but invokes Section29 U.S.C. § 1132(a)(1)(B) of ERISA to recover the benefits allegedly due to him under the plan. Therefore, the plaintiff's claim is not preempted by ERISA.
 Conclusion
This Court finds that the Trustee's interpretation of the plan was reasonable as a matter of law and that no issues of material fact exist. Therefore, the defendant's motion for summary judgment must be granted.
Counsel shall submit the appropriate order for entry after notice.